IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDWARD ELORREAGE, | § | |
| *Plaintiff,* | § | SA-22-CV-01352-OLG |
| vs. | § | |
| DR. KILOLO KIJAKAZI, SOCIAL SECURITY ADMINISTRATION, | § | |
| *Defendants.* | § | |

**<u>ORDER</u>**

Before the court in the above-styled cause of action is Plaintiff's motion to proceed *in forma pauperis* [#1] and Motion for the Appointment of Counsel [#2]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff, who is proceeding *pro se* in this action, seeks leave to proceed in forma pauperis ("IFP") based on an inability to afford court fees and costs and requests appointment of counsel. Having considered Plaintiff's application and supporting affidavit, the Court is of the opinion the motion to proceed IFP should be granted and that Plaintiff's Complaint should be served on Defendant. However, the Court will deny the motion to appoint counsel without prejudice to refiling at a later stage of the proceedings.

**<u>I.  Motion to Proceed IFP</u>**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes income and asset information, which indicates that Plaintiff is unemployed and has limited funds available in his checking or savings account.  Plaintiff's motion also details his monthly expenses.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP and order that Plaintiff's Complaint be docketed.

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned reviewed Plaintiff's proposed Complaint for frivolousness.  Plaintiff has sued the Commissioner of the Social Security Administration (SSA).  Plaintiff's proposed Complaint indicates that he was approved for Supplemental Security Income in February 2021.  In a letter from the SSA attached to his Complaint, SSA informs Plaintiff of his entitlement to disability benefits in the amount of $794.00 per month beginning March 2021, as well as his entitlement to back payments in the amount of $3,154.00.  The letter states that Plaintiff meets all the rules to be eligible for SSA based on being disabled.  However, the letter also indicates that Plaintiff was overpaid when he formerly received disability payments and therefore his monthly payments are being reduced to $714.60 to contribute to the amount owed in overpayments (which is approximately $50,000).  Plaintiff's proposed Complaint indicates that he received benefits for a period of months but is no longer receiving the benefits he believes he is due.  He states that he already attempted to file appeals but has also not received any response.  The Court finds that Plaintiff's proposed Complaint involves at least one non-frivolous claim.  Therefore, Defendant should be served with this lawsuit.

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) provides for electronic service of the Commissioner. However, this case is not a request for review of a final decision by the Commissioner on the merits of Plaintiff's claim for disability benefits pursuant to Section 405(g). Accordingly, Plaintiff's Complaint should be served through the traditional methods of service applicable to all actions against governmental agencies as set forth below.

## II.  Motion to Appoint Counsel

Plaintiff seeks the appointment of counsel. There is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). However, courts have the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in *in forma pauperis* proceedings where exceptional circumstances are present. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

At this time, the Court finds no exceptional circumstances to be present in this case. Plaintiff has clearly articulated the relief he is seeking and has provided the Court and Defendant

with a copy of the letter from the SSA that forms the basis of his belief that he is entitled to and should be receiving monthly disability benefits.  If at a later juncture, the case becomes procedurally or substantively complex, or if the case proceeds to trial, Plaintiff may again petition the Court for the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.  Plaintiff is informed that federal law requires service of her Complaint and summons on the following offices:

>The Attorney General of the United States
>950 Pennsylvania Ave., N.W.
>Washington, D.C. 20530-0001
>
>The United States Attorney
>601 NW Loop 410, Suite 600
>San Antonio, TX 78216
>
>Commissioner of the Social Security Administration
>c/o Office of the Regional Chief Counsel, Region VI
>Social Security Administration
>1301 Young Street, Ste. A-702
>Dallas, TX 75202-5433

*See* Fed. R. Civ. P. 4(i)(1), (2); 79 Fed. Reg. 4519-04.

In light of the fact that Plaintiff is representing himself *pro se* in this action, the Court also directs her to the following resources to assist him in prosecuting his case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure
- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/
- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/.

Plaintiff is directed to familiarize himself with these resources. Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for non-dispositive and dispositive motions as set forth in Local Rule CV-7(e), and keeping the Court updated with a current address to ensure all filings are received.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for the Appointment of Counsel [#2] is **DENIED WITHOUT PREJUDICE** to refiling at a later date.

SIGNED this 11th day of January, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE