**FILED**

November 03, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____Tyler Martin_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EDWARD ELORREAGE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA:22-CV-01352-OLG** |
| | § | |
| **DR. KILOLO KIJAKAZI, ACTING** | § | |
| **COMMISSIONER FOR THE** | § | |
| **SOCIAL SECURITY** | § | |
| **ADMINISTRATION,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

On this date, the Court considered the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) filed by Defendant. Dkt. No. 14 (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Elizabeth S. Chestney issued a Report and Recommendation ("R&R") with respect to the pending motion. *See* Dkt. No. 20. Specifically, Judge Chestney's R&R recommends that the Motion be granted and that Plaintiff's claim against Defendant be dismissed without prejudice based upon FED. R. CIV. P. 12(d). *See id.* at p. 8. On October 30, 2023, Plaintiff timely filed objections to Judge Chestney's R & R. *See* Dkt. No. 24.

When a party objects to a magistrate judge's recommendation, the Court must make a de novo determination as to those portions of the recommendation to which an objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The Court has conducted an independent review of the entire record and the applicable law and a de novo review of the matters raised in Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). After reviewing Plaintiff's complaint (Dkt. No. 4), the motions and briefing (Dkt. Nos. 11, 13, 14, & 15), the R&R (Dkt. No. 20), Plaintiff's objections (Dkt. no. 24), the

remainder of the record, and the applicable law, the Court finds that Magistrate Judge Chestney's R&R correctly articulates and applies the facts and law.

For the purposes of the analysis, both Judge Chestney and this Court have accepted Plaintiff's allegations as true. For the reasons set forth in the R&R, it is apparent that Plaintiff did not properly exhaust his administrative remedies regarding the denial of his application for social security income ("SSI") under Title XVI prior to filing suit in accordance with 42 U.S.C. § 405(g). Further, Plaintiff has not demonstrated that the Court should waive such exhaustion requirement. Thus, this Court does not have the authority to judicially review this matter at this time and should grant Defendant's Motion to Dismiss. *See* 42 U.S.C. § 405(g).

Additionally, Defendant has attached several exhibits to the Motion for the Court's consideration. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Furthermore, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Neither party filed any additional materials in response to the Court's order converting the Motion into a motion for summary judgment (Dkt. No. 19), meaning Plaintiff still has not filed a response to the Defendant's Motion. Under this Court's Local Rules, if no response is filed within the time period prescribed by the rules or Court order, this Court may grant the motion as unopposed. W.D. TEX. R. CV-7(D)(2). Thus, Plaintiff's claim fails both procedurally and on the merits in accordance with this Court's Local Rules and 42 U.S.C. § 405(g), respectively.

For the reasons set forth above and in the R&R, the Court concludes that Plaintiff's objection should be overruled. Accordingly, it is **ORDERED** that Magistrate Judge Chestney's Report and Recommendation (Dkt. No. 20) is **ADOPTED** in full. It is further **ORDERED** that

the Defendant's Motion to Dismiss (Dkt. No. 14) is **GRANTED**, and Plaintiff's claims against

Defendant are **DISMISSED WITHOUT PREJUDICE** to refiling.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this _____ day of November, 2023.

_____

ORLANDO L. GARCIA
United States District Judge

3